8234

DRENNAN v. SOUTHERN RY.—CAROLINA DIVISION.

1. EVIDENCE.—AN EXCEPTION to the admission of evidence stating objections not urged on Circuit will not be considered.

2. RAILROADS—CROSSINGS.—EVIDENCE tending to show an alarm system had been put in by the city and the railroad company to notify travelers of the approach of trains at street crossings and that it had been taken out, is competent to show notice to the railroad company of the dangerousness of the crossing.

3. EVIDENCE—APPEAL.—Error in the admission of evidence to be reversible must be shown to have been prejudicial.               .

4. RAILROADS—CROSSINGS—CONTRIBUTORY NEGLIGENCE.—For an injury at a crossing caused by other acts of negligence than the failure to give the statutory signals, the party injured cannot recover, if he was guilty of negligence which contributed as a proximate cause to the injury and without which the injury would not have occurred.

5. IBID.—IBID.—CONSTITUTIONAL LAW.—SECTION 2139, OF CODE OF 1902, relating to recovery of party injured at a crossing, is not violative of article V nor of section 1 of article XIV, of the Federal Constitution, nor of sections 5 and 17 of article I of this State in that it deprives the railroad companies of their property without due process of law or denies them the equal protection of the law by depriving them of the defense of contributory negligence in cases therein mentioned while it gives those injured a cause of action for negligence, thereby allowing the injured to recover when their own contributory negligence is a proximate cause of the injury, thereby imposing one standard for the railroad company and another for the traveler.

6. IBID.—IBID.—DAMAGES proportionate to the injury sustained may be recovered for an injury at a crossing under Lord Campbell's Act, 2852, Code 1902, but here the charge considered as a whole is construed to have instructed the jury that the recovery in this case should be the amount of actual damages sustained by the deceased.

7. VERDICT.—There is nothing in this record to show the verdict was arbitrary or the result of sympathy, passion and prejudice.

Before WATTS, J., York, November term, 1911. Affirmed.

Action by Lida E. Drennan, administratrix of Leonard B. Drennan, against Southern Railway—Carolina Divi-

sion—and Southern Railway Company. Defendants appeal on the following exceptions:

1. "Because his Honor erred in allowing John T. Roddey, one of plaintiff's witnesses, to testify, over the objection of defendants, as to certain negotiations that took place between the town council of Rock Hill and Southern Railway Company before the injuries to plaintiff's intestate, and as to the putting in of an alarm system at certain crossings in said city of Rock Hill, and that the same was taken out, the error being that said testimony was irrelevant and incompetent, and was prejudicial to the defendants.

2. "Because his Honor erred in reading to the jury in his charge, sections 2132 and 2139 of the Code of Laws for 1902, and in charging the jury as follows: 'Now, gentlemen, I charge you, as a matter of law, if you should conclude or believe that these signals were not given, as required by this statute, then, under the decisions of our Supreme Court, that is negligence *per se,* and if there was a failure on the part of the railroad company, its agents and servants, to give the signals with reference to crossing of the highway, street or traveled place, as required by the statutes, which I have read to you, and if Mr. Drennan was injured by any carelessness and negligence on their part, and that that carelessness and negligence or failure to give signals, or anything of that sort was the direct and proximate cause of his injury, then, under circumstances of that sort, he would be entitled to recover, unless you think that at the time he was injured or at the time of the collision, if there was one at a crossing, that Mr. Drennan was guilty of gross or wilful negligence or was acting in violation of law, and that such gross and wilful negligence or unlawful act contributed to his injury. In other words, in order to make this thing perfectly plain to you, I have already charged you that the law of contributory negligence is a good defense as to a case of ordinary negligence,

but the law is a little different where a man is injured at a crossing, where a public highway, street or traveled place crosses a railroad, if the parties in charge of the locomotive or train fail to give the statutory signals at the crossing, and that failure or negligence on their part is the direct and proximate cause of his injury,' the error being: (1) That his Honor thereby charged the jury that ordinary contributory negligence on the part of the plaintiff would not defeat his action if there was 'any carelessness and negligence' on the part of the defendants, 'or failure to give signals,' the law clearly being that if there was any contributory negligence on the part of the plaintiff, the same would defeat his action in all cases not falling under section 2139 of the statute.    (2) That such charge was misleading and confusing to the jury.

3. "Because his Honor erred in charging the jury after having read said sections of the statute, as follows: 'Ordinarily, the want of ordinary care on the part of the person injured, the failure on his part to observe due care or due precaution, if that failure to observe due care and due precaution on his part in any manner contributed towards his injury as a direct and proximate cause, then he cannot recover, but where he is injured by a collision at a public crossing by a locomotive engine and the parties in charge of that engine fail to give the statutory signals, that is, ringing the bell or blowing the whistle within five hundred yards and keeping it up until they get over the traveled place, highway or public crossing, a mere want of ordinary care on his part, if he is injured under those circumstances, will not prevent a recovery, but the jury must be satisfied that at the time of the injury or collision, if there was one, that the party injured was guilty of gross or wilful negligence, or was acting in violation of law, and such gross or wilful negligence or unlawful act contributed to his injury,' the error being: (1) That ordinary contributory negligence on the part of the plaintiff will defeat his cause

of action in all cases, unless he was injured by a collision at a crossing through failure to give the statutory signals. (2) That section 2139 of the Code, under which such charge was given is in violation of article V of the Constitution of the United States, and also section 1 of article IX of the Constitution of the United States, and also sections 5 and 17 of article I of the Constitution of the State of South Carolina, in that said statute deprives railroad companies of their property without due process of law, and denies to them the equal protection of the law, in that it deprives railroad companies of the defense of contributory negligence in cases embraced within its terms, while it allows to the individual injured a cause of action for ordinary negligence, and thereby allows him to recover damages when his own contributory negligence was a proximate cause of his injuries.

4. "Because his Honor erred in charging the jury with reference to the measure of damages to which the plaintiff would be entitled, if she was entitled to recover, by charging the jury that she could recover damages proportionate to the injuries sustained, the error being: (1) That for ordinary personal injuries, where no cause of action for punitive damages has been made out, only compensatory damages are recoverable. (2) That under such charge, the jury was permitted to give the same measure of damages as are allowed under the Lord Campbell's Act, and prescribed in section 2852 of the Code of Laws for South Carolina.

5. "Because his Honor erred in not granting a new trial upon the third and fourth grounds, which were as follows: 'III. That the undisputed evidence in the case shows that the plaintiff's intestate was guilty of contributory negligence as a matter of law, in that when he had an opportunity for seeing the approach of the engine, he failed to take any precautions whatsoever for his own safety.

" 'IV. That the undisputed evidence in the case shows that plaintiff's intestate was guilty of gross or wilful negligence in approaching track of defendants, when he had the opportunity of discovering the approach of the engine thereon, and in failing to observe any care or take any precautions whatsoever for his safety,' the error being that the undisputed evidence in the case shows that plaintiff's intestate was guilty not only of contributory negligence, but of gross and wilful negligence, in that he attempted to cross defendant's track without making any effort to see whether the engine was approaching and without taking any precaution whatsoever for his own safety, when his attention had been called to the matter, and in failing to observe the slightest degree of care for his own safety and protection.

6. "Because his Honor erred in refusing to grant a new trial upon the seventh ground, which was as follows: 'VII. That the undisputed evidence, as well as the great preponderance thereof, clearly shows that the plaintiff's intestate could have seen the approaching engine, and could have safely stopped in time to avoid injury, if he had exercised any care to discover its approach before he heedlessly went on the track of defendants,' the error being that the undisputed evidence clearly shows that plaintiff's intestate by exercising the slightest degree of care could have seen the approaching engine, and could have stopped in time to have avoided injury to himself, but he failed to exercise the slightest degree of care, and, on the contrary, heedlessly went upon said track.

7. "Because his Honor erred in refusing to grant a new trial upon the eighth and ninth grounds, which were as follows: 'VIII. That the verdict of the jury, considered as a verdict for compensatory damages, under all the facts in the case, was grossly excessive.

" 'IX. That the verdict of the jury, considered as a verdict for compensatory damages, under all the testimony, is so grossly excessive as to clearly show that it was the result

of sympathy, passion and prejudice on the part of the jury,' the error being: (1) That the verdict is grossly excessive, considered as a verdict for compensatory damages. (2) That such verdict, considered as a verdict for compensatory damages, is so excessive as to clearly show that it was the result of sympathy, passion or prejudice on the part of the jury.

8. "That his Honor erred in refusing to grant a new trial upon the 10th and 11th grounds, which were as follows: 'X. That section 2139 of the Code of Laws, which provides that a person who is injured in his person or property by collision with engines or cars of a railroad corporation at a crossing, is entitled to recover all damages caused by said collision, when it appears that the corporation neglected to give the signals required, gives a cause of action for *simple negligence* in failing to give said signals. At the same time, said section deprives the railroad corporation of the defense of ordinary contributory negligence, thus fixing one standard of care for the corporation, and a different standard of care for the injured person, thereby depriving the defendant corporation of the equal protection of the law, in plain violation of the provisions of both the State and the Federal Constitutions.

" 'XI. That it was error to charge the jury, that an injured person could recover damages under said section 2139 for *simple negligence* in failing to give the statutory signals, if such failure contributed to the injury of said injured person, and that in such a case, the injured person would be entitled to recover, unless it was shown that in addition to a mere want of ordinary care, such injured person was, at the time of the collision, guilty of gross and wilful negligence, or was acting in violation of the law; and that such gross or wilful negligence, or unlawful act, contributed to the injury; because, said section 2139 is in plain violation of the provisions of both the State and the Federal Constitutions, in that it makes the railroad corporation

liable for damages for *ordinary* or *simple negligence,* and deprives said corporation of the defense of contributory negligence arising from a lack of ordinary care on the part of said injured person, thereby imposing one standard of care for the defendant corporation, and a different standard of care for the plaintiff; thus imposing unequal burdens upon the plaintiff and defendant in such cases, when both may be guilty in an equal degree of the same kind of negligence,' the error being that section 2139 is in violation of article V, and also of section 1, article XIV of the Constitution of the United States, and is also in violation of sections 5 and 17 of article I of the Constitution of South Carolina, in that it deprives railroad corporations of their property without due process of law, and denies to them the equal protection of the law.   (2) Because said section deprives railroad companies of the equal protection of the laws, in that it deprives railroad companies of the defense of contributory negligence, while it allows to the injured person a cause of action for simple negligence, thereby fixing one standard of care for the railroad company, and a different standard of care for the traveler, and thus deprives the railroad company of the equal protection of the laws. (3) Because said section deprives railroad corporations of the equal protection of the laws, in that it makes. railroad corporations liable for damages for ordinary or simple negligence, and gives to the injured party a cause of action for such ordinary or simple negligence, but deprives the railroad company of the defense of contributory negligence arising from the lack of ordinary care on the part of the injured person, and thus imposes one standard of care for the defendant corporation, and a different standard of care for the traveler, who may be injured, thereby imposing unequal burdens upon the plaintiff and defendant in such case, when both may be guilty in an equal degree of the same kind of negligence, thus allowing an injured party

to recover damages in a case where his own negligence was a proximate cause of his injury.

*Messrs. B. L. Abney* and *McDonald & McDonald,* for appellants. *Messrs. McDonald & McDonald* cite: *Plaintiff is limited to proof of acts of negligence alleged:* 82 S. C. 345; 76 S. C. 560; 59 L. R. A. 209. *Plaintiff should only recover compensatory damages, and not such as are proportionate to the injuries sustained:* 1 Suth. on Dam., secs. 12, 16, 53; 85 S. C. 535. *The law of contributory negligence in such cases:* 33 Cyc. 1073; 2 Thomp. on Neg., sec. 1652; 2 White on Per. Inj. on R. R., secs. 1006, 1008, 1025; 111 Fed. 297; 3 L. R. A. (N. S.) 196; 95 U. S. 697; 114 U. S. 615; 101 Fed. 787; 140 Fed. 410; 5 S. C. 221; 72 S. C. 389; 78 S. C. 374; 76 S. C. 368. *Section 2139 of Code of 1902 is unconstitutional:* 56 S C. 95; 11 East 60; 7 Ency. 372-3; 42 Penn. St. 498; 82 Am. Dec. 537; 62 Am. Dec. 323; 4 Rich. 428; 60 A. & E. R. R. C. (N. S.) 561; 45 S. E. R. 768; 42 S. C. 302; 219 U. S. 39; 89 N. E. 622; 19 A. & E. R. R. C. (N. S.) 436; 22 Am. St. R. 143; 53 Am. St. R. 868; 78 Am. St. R. 28; 92 Am. St. R. 293; Colley on Con. Lim. 452; 2 Ell. on R. R., sec. 665; 8 Cyc. 777; 9 Cranch 43; 1 Bay 93, 252; 34 L. R. A. (N. S.) 171; 36 Am. St. R. 309; 46 Am. St. R. 92; 14 Am. St. R. 534; 38 S. C. 103; 41 S. C. 285; 41 S. C. 408; 173 U. S. 684; 62 Am. St. R. 164; 75 S. C. 468; 152 Fed. 206; 116 U. S. 371; 7 Ency. 371-2. *Court may require reduction of excessive verdict:* 2 Suth. on Dam., sec. 460; 18 Ency. P. & P. 125-7; 123 Mo. 221; 116 U. S. 646; 130 U. S. 73; 33 L. R. A. 103; 33 L. R. A. (N. S.) 103; 67 L. R. A. 495; 44 Minn. 46; 46 N. W. 79; 74 S. C. 231; 84 S. C. 409; 85 S. C. 258; 90 S. C. 507; 86 S. C. 528; 80 S. C. 9.

*Mr. Thos. F. McDow,* contra, cites: *Under allegations of intentional wrong all facts and circumstances are com-*

*petent:* 54 S. C. 505; 56 S. C. 436; 72 S. C. 552; 74 S. C. 317. *Admission of irrelevant evidence is not reversible error unless prejudicial:* 16 Cyc. 1114; Jones on Ev. 195; 75 S. C. 128, 134; 6 S. C. 411; 17 S. C. 72; 30 S. C. 267. *As to constitutionality of section 2139 of Code of 1902:* 25 S. C. 64; Pierce on R. R. 460; Colley Con. Lim. 710; 63 S. C. 430; 115 U. S. 512; 38 S. C. 103; 67 S. C. 481; 63 S. C. 169; 79 S. C. 519; 81 S. C. 71; 73 S. C. 71; 90 S. C. 249; 34 L. Ed. U. S. 1051; 189 L. Ed. U. S. 821; 194 U. S. L. Ed. 971. *As to taking away defense of contributory negligence:* 122 S. W. 102; 42 L. Ed. U. S. 1043; 172 U. S. L. Ed. 522; 129 U. S. 124; 127 U. S. 687. *Instruction was that jury could only award compensatory damages:* 59 S. C. 108; 85 S. C. 535; 89 S. C. 276. *That there is no evidence to support a cause of action must be made by motion for nonsuit or to direct a verdict:* 79 S. C. 154. *This Court cannot grant a new trial for excessive verdict:* 56 S. C. 372; 71 S. C. 174; 78 S. C. 556; 88 S. C. 90; 89 S. C. 1.

June 11, 1912. The opinion of the Court was delivered by

MR. CHIEF JUSTICE GARY. The following appears in the record:

"The above action was commenced in the Court of Common Pleas for York county, S. C., by Leonard B. Drennan, plaintiff's intestate, by the service of a summons and complaint on the defendants, on the 6th day of October, 1910. The action was brought by said plaintiff, to recover the sum of $25,000 damages, actual and punitive, for personal injuries alleged to have been sustained by said plaintiff, at Wilson street crossing, in the city of Rock Hill, on July 12, 1910, through the alleged concurrent negligence, recklessness, wilfulness and wantonness of the defendants, as set out in the complaint. Thereafter, on the 20th day of

October, 1911, the said plaintiff, Leonard B. Drennan, died from typhoid fever, and the action was subsequently continued in the name of Lida E. Drennan, his widow and duly appointed administratrix, by an order of the Court of Common Pleas made in the action. The case was tried at the November, 1911, term of the Court for York county, and resulted in a verdict in favor of the plaintiff, for the sum of $15,000. During the progress of the trial the jury was sent to view the premises. A motion for a new trial was thereupon made upon the minutes of the Court, but the same was refused, and judgment was entered against the defendants."

The defendants appealed upon exceptions, which will be reported.

The first question that will be considered, is presented by the exception numbered 1.

When the testimony was offered, the defendants' attorneys did not object to its introduction, on the ground that it was irrelevant, but on the grounds, (1) that it was not in writing, and (2) that there was no allegation of the complaint, to which it was responsive. It will thus be seen, that the grounds mentioned in the exception, are not the same as were urged on Circuit. But, waiving such objection, the testimony was competent for the purpose of proving, that the defendants had notice of the dangerous condition at the crossing. Furthermore, it has not been made to appear, even if there was error, that it was prejudicial.

The second exception raises the next question for determination.

The rules of evidence are different in cases, where the injury at a crossing, results directly from the failure of the railroad company, to give the statutory signals, and in cases where the injury was proximately caused, by other acts of negligence. In cases where the injury is the direct result of a failure on the part of the railroad

company, to comply with the requirements of the statute, as to signals, it cannot escape liability, unless it shows, that in addition to a mere want of ordinary care the person injured, was at the time of the collision, guilty of gross or wilful negligence, or was acting in violation of the law. In all other cases, it is only incumbent on the railroad company, to show a want of ordinary care, on the part of the person injured, which contributed to the injury as a proximate cause, and without which the injury would not have occurred.    By reference to the charge it will be seen, that his Honor, the presiding Judge, clearly instructed the jury as to this difference.

We proceed to consider the exceptions, attacking the constitutionality of section 2139 of the Code of Laws, which is as follows: "If a person is injured in his person or property, by collision with the engine or cars of a railroad corporation at a crossing, and it appears that the corporation neglected to give the signals required by this chapter * * * and that such neglect contributed to the injury, the corporation shall be liable, for all damages caused by the collision, unless it is shown that, in addition to a mere want of ordinary care, the person injured, or the person having charge of his person or property, was, at the time of the collision, guilty of gross or wilful negligence, or was acting in violation of the law; and that such gross or wilful negligence, or unlawful act, contributed to the injury."

The constitutionality of said statute was determined in the case of *Kaminitsky* v. *Ry.,* 25 S. C. 53.    In that case the Court uses this language:

"It is said, that the provision in regard to the proof of negligence, was not really an amendment of the charter, but a change in the law of evidence.    If this were so, it would not make it unconstitutional.    The right to have one's controversies determined by existing rules of evidence, is not a vested right.    Like other rules affecting the remedy,

they must, therefore, at all times, be subject to modification and control by the legislature.' ·Coll. Con. Lim. 452, 453. We do not, however, consider that by the aforesaid provision the main object of the legislature, was to make a change in the law of evidence, but to induce compliance, with the previous requirement as to signals. The rule of evidence as to negligence, was made to apply only in case of failure to give the required signals, and it is manifest, that the purpose was to give an additional sanction to the provision, requiring the signals to be given."

The Court then quotes with approval the following language from Pierce on Railroads, p. 460:

"A railroad company, although no power is reserved to amend or repeal its charter, is· nevertheless subject, like individuals, to such police laws as the legislature may, from time to time, enact for the safety and health of citizens, and the general convenience and good order. Its property and essential franchises are, indeed, protected by the Constitution; but the company itself is not thereby placed above the laws. It was not the design of that instrument, to disarm the State of the power to pass laws to protect their lives, limbs, health, and morals of citizens, and to regulate their conduct towards each other, and the mode of using property, so that different owners may not injure each other. Such laws may incidentally impair the value of franchises, or of rights held under contracts, but they are enacted *diverso intuitu,* and are not within the constitutional inhibition."

The rule as to classification, under the fourteenth amendment to the Federal Constitution, is thus clearly stated by the Court, through Mr. Justice Van Devanter, in the case of *Lindsley* v. *Natural Carbonic Gas Co.,* 220 U. S. 61:

"1. The equal protection clause of the fourteenth amendment does not take from the State the power to classify in the adoption of police laws, but admits of the exercise of a wide scope of discretion in that regard, and avoids what is

done, only, when it is without any reasonable basis, and, therefore, is purely arbitrary. 2. A classification having some reasonable basis, does not offend against that clause, merely because it is not made with mathematical nicety, or, because in practice, it results in some inequality. 3. When the classification in such a law, is called in question, if any state of facts reasonably can be conceived, that would sustain it, the existence of that state of facts, at the time the law was enacted, must be assumed. 4. One who assails the classification in such a law, must carry the burden of showing that it does not rest upon any reasonable basis, but is essentially arbitrary."

Section 2139 of the Code of Laws, was the outgrowth of the necessity for legislation, to protect the traveling public, at highway crossings, and it is peculiarly applicable to railways—in fact, it is difficult to conceive, how any but railways, could be included in the classification. This case, therefore, is embraced within the principles, announced in the case last mentioned.

We proceed to consider, whether the said section. is in violation of the fourteenth amendment to the Constitution of the United States, which provides that no State shall deprive any person of life, liberty or property, without due process of law.

In construing section 2139 of the Code of Laws, the Court stated in *Kaminitsky* v. *Ry.*, 25 S. C. 53, that the main object of that section, was not to make a change in the law of evidence, but to induce compliance with the statutory requirements, as to signals. But even if the intention of said section, was to change the rules of evidence, in the manner therein stated, it would not be repugnant to the provisions of the fourteenth amendment to the Federal Constitution, as to due process of law. Rules of evidence may be changed whenever the grounds for such change are reasonable. A conspicuous instance of such change, appears in section 15, article IX of the Constitution, which

provides that "knowledge by any employee injured, of the defective or unsafe character of any machinery, ways, or appliances, shall be no defense to an action for injury caused thereby, except as to conductors or engineers, in charge of dangerous or unsafe cars, or engines voluntarily operated by them." Another instance of such change, appears in the act of Congress, approved the 11th of June, 1906, which provides, that in all actions brought against common carriers, to recover damages for personal injuries to an employee, or where such injuries have resulted in his death, the fact that the employee may have been guilty of contributory negligence, shall not bar a recovery, where his contributory negligence is slight, and that of the employer was gross, in comparison, but the damages shall be diminished by the jury, in proportion to the amount of negligence, attributable to such employee. One reason for the change in the rules of evidence by section 2139 of the Code of Laws is, that in many instances the party colliding with the train of cars, is instantly killed, and the railroad company would have a decided advantage, if it was only required to prove, that the person injured was guilty of ordinary contributory negligence. The necessity of the case, requires proof of more than ordinary negligence, on the part of the person injured. A like necessity caused a change in the rules of evidence, where cattle were killed by a railroad train, as will be seen by the case of *Danner* v. *Ry.*, 4 Rich. 329, in which it was held, that there was a presumption of negligence arising from the mere act of killing the stock.

The next question that will be considered, is presented by the fourth exception.

When the charge is considered in its entirety, it will be seen that his Honor, the presiding Judge, instructed the jury, that the basis of recovery by the plaintiff, was the amount of actual damages sustained by her intestate. But even if he had charged as contended by

the appellant's attorneys, it would not have constituted error. *Sullivan* v. *Ry.,* 85 S. C. 532, 67 S. E. 905.

The last question is, whether there was error in refusing the motion for a new trial, on the ground that the verdict was arbitrary, and was the result of sympathy, passion and prejudice. There is nothing in the record tending to show such fact.

Judgment affirmed.

MR. JUSTICE WATTS *disqualified.*