BUSSEY v. CHARLESTON AND WESTERN CAR. RY. CO.

1. CHARGE excepted to not objectionable, as it states issues raised by pleadings, and does not give to jury intimation of Judge's opinion on fact.
2. NEGLIGENCE—MASTER AND SERVANT—CHARGE as to negligence and want of care by employee too favorable to employer.
3. CHARGE—NEGLIGENCE—MASTER AND SERVANT—JURIES.—Judge can instruct the jury that there is negligence on part of employee, when only one inference can be drawn from his acts; in all other cases question of negligence is for jury.
4. IBID.—Party desiring specific charge must request it.
5. IBID.—MASTER AND SERVANT—APPLIANCES.—Duty of employer as to furnishing safe appliances for employee correctly charged.
6. IBID.—Judge may state in his charge a fact admitted by pleadings.
7. IBID.—MASTER AND SERVANT—MACHINERY.—Jury was not instructed that master was bound to guarantee the soundness and safety of machinery furnished servant.
8. MASTER AND SERVANT—FELLOW-SERVANT—CONSTITUTION—DAMAGES—RAILROADS.—Under Constitution 1895, a servant may recover of a railroad company for injuries caused by carelessness of a fellow-servant directing him.
9. IBID.—RAILROADS—DAMAGES.—Rule as to elements of damages in cases of employees injured by railroads properly stated.

Before KLUGH, J., Edgefield, November, 1897. Affirmed.

Action by Thomas T. Bussey *v.* Charleston and Western Carolina Railway Company. Judgment for plaintiff. Defendant appeals.

*Messrs. S. J. Simpson* and *Sheppard Bros.*, for appellant, cite: *Charge:* Con. 1895, sec. 26, art. 5; 49 S. C., 558; 51 S. C., 459. *Appliances:* 18 S. C., 262; 22 S. C., Crouch *v.* R. R. *Harmful effect not cured in charge by correct instructions:* 51 S. C., 459. *Contributory negligence:* 49 S. C., 19; 21 S. C., Hooper *v.* R. R.; 42 S. C., 465. *Error in instructing jury as to elements of damage:* 51 S. C., 480.

*Messrs. Croft & Tillman*, contra, cite: *Appliances:* 18 S. C., 270, 282. *Negligence:* 40 S. C., 109; 18 S. C., 271; 39 A. S. R., 187. *Exception too general:* 49 S. C., 285, 445. *Elements of damage:* 100 U. S., 214; 71 A. D., 267; 18 S. C., 266.

June 29, 1898. The opinion of the Court was delivered by

MR. JUSTICE GARY. This is an action for damages on account of injuries alleged to have been sustained by the plaintiff by reason of the negligence of the defendant. The defendant denied all the allegations of negligence, and set up the defense of contributory negligence on the part of the plaintiff. The defendant also denied that the plaintiff's injuries were permanent, or that they were as serious as alleged. The jury rendered a verdict in favor of the plaintiff for $5,500; but this sum, on motion for a new trial, was reduced to $4,000. The defendant appealed, upon exceptions which we will proceed to consider.

The first and second exceptions complain of error on the part of the presiding Judge as follows: "I. In charging and instructing the jury upon the subject of the amount of damages the plaintiff would be entitled to recover as follows: 'But you must determine, if you give the plaintiff any verdict at all, the facts and circumstances attending

the case, what amount you will give him. You are to consider the physical and mental suffering which he has endured. Ordinarily you would have to consider the expense which he was at for medical attendance; but it appears from the evidence, and the counsel admits, that the railroad company paid for his medical attendance, and, therefore, that is not an element of damage in this case; but his suffering, loss of time and wages, of course, which result, the impairment of his ability to work and earn such wages as he otherwise would have continued to have earned, and the permanent injury, if it be permanent, which he has received, those are elements which you must take into consideration in determining the amount of damage'—thereby instructing the jury that they must take into consideration the several matters mentioned, and thereby stating to the jury, in effect, that the plaintiff had lost time and wages, and that his ability to work and earn such wages as he had previously earned had been impaired. II. In charging upon the facts, and stating to the jury as one of the facts in the case, that the plaintiff had lost time and wages, and his ability to work had been impaired—thus violating the provisions of sec. 26, art. 5, of the Constitution of this State."

The appellants, in their argument, say: "These exceptions raise but one question: whether, in the portion of the charge complained of, the Circuit Judge violated the provisions of sec. 26, art. 5, of the Constitution, and charged upon the facts." The complaint, in setting forth the injuries sustained by the plaintiff, alleges that "said scantling broke in two, and caused one of the guy ropes to suddenly jerk and catch the plaintiff behind the neck, and threw him with great violence from the top of said trestle, a distance of thirty-five feet, to the ground, thereby breaking his left thigh bone just below the hip joint, and also breaking four of his ribs on the left side, and also giving him a severe cut on the head, and also giving him severe inward bruises, which caused hemorrhages from the lungs, and

which said injuries caused the plaintiff great pain and suffering, and confined him to his bed for five weeks, and has permanently disabled him, so that he never again can perform the work which he could do before receiving such injuries, to his damage in the sum of $20,000." The defendants did not deny that the plaintiff was injured, but only denied the allegations of the complaint relating to the nature, extent, and consequences of the injuries which the plaintiff is therein alleged to have sustained. The Circuit Judge, after using the language contained in the first exception, continued to charge the jury upon this subject as follows: "If a man is injured through the negligence of another, and his injury amounts to a total and permanent disability, as a matter of course he is entitled to a greater amount, greater measure of damages, than if the injury is not total and not permanent. So you must determine, from the evidence in this case, whether or not this plaintiff had been permanently injured, totally incapacitated from ever earning a livelihood or not; and if you should conclude that that is true, then the measure of damages would be greater. But if you are satisfied from the evidence that his injury is not of so grave a character as that, but that it only affects for the time his ability to earn his wages, or that, even if it permanently affects his ability, that it does not totally destroy his ability, but simply he cannot hereafter earn as much wages as he could have done but for this, but yet can earn some livelihood, then you must take that into consideration, and your verdict, the amount of damages you award him, could not be as great as in the case of total permanent disability." In his charge, the Circuit Judge further said to the jury: "The facts of this case are exclusively for you to determine from the evidence, and you are to find from the evidence what are the facts, what is the truth of the matter, and apply to the facts as you find them the law as given by the Court, and make up your verdict in the case." When the charge is considered in its entirety, and with reference to the pleadings, it shows: First,

that the intention of the Circuit Judge was to state the issues made by the pleadings; and, second, that all questions of fact were left to the consideration of the jury, without any intimation as to the manner in which they should be decided. There was no error in these respects, and these exceptions are overruled.

The third exception imputes error as follows, to wit: "III. In charging the jury at one portion of his charge, in connection with the defendant's ninth request, as follows: 'That the plaintiff was in the employ of this railroad company for certain purposes, and he must exercise, as any prudent man must, his faculties for ascertaining and determining whether there is danger, and whether it is necessary, whether he is required by the obligation of his contract to incur that danger, and if he is not so required, if the jury are satisfied that he is not required to incur the danger, and still, in disregard either of his own knowledge of the danger or the warning of others, he still remains in the place of danger, then that constitutes negligence on his part, and so I charge you that proposition;' and at another time, in charging, as requested by the plaintiff, as follows: 'The law places the duty on the master and not on the servant to exercise due care and diligence to ascertain whether the appliances furnished are safe and suitable. And a servant has the right to assume without inquiry, or without examination, that the appliances furnished him are safe and suitable;' the effect of these conflicting instructions being to leave the jury in doubt and uninstructed as to whether the plaintiff, under the circumstances of this case, was bound to exercise any care in determining whether it would be safe for him to act as he did act at the time of the accident." The words contained in the first quotation set forth in the exception, were used by the presiding Judge in disposing of the defendant's ninth request to charge, which was as follows: "It is the duty of an employee to exercise care to avoid injuries to himself; hence, if the jury believe that the plaintiff was warned of the danger of the position in which

he was at the time of the injury, and that he disregarded the warning, he cannot recover." The words in the second quotation set forth in the exception are the same as those in the plaintiff's third request to charge. It will be observed that the only error of which this exception complains is, that the effect of the two instructions was to leave the jury in doubt and uninstructed as to whether the plaintiff was bound to exercise any care in determining whether it was safe for him to act as he did, at the time of the accident. When the language contained in the first quotation set forth in the exception is analyzed, it will be seen, first, that the plaintiff was required to exercise ordinary care in determining whether there was danger; second, that he was required to exercise ordinary care in determining whether it was necessary under the obligations of his contract to incur that danger; and third, that if, in disregard either of his own knowledge of the danger or the warning of others, he still remained in the place of danger, then that would constitute negligence on his part. Not only did the presiding Judge charge the jury as to the care which the plaintiff was bound to exercise under the circumstances, but charged the law too favorably to the defendant. It is the duty of the master to provide suitable machinery and appliances, and to keep them in proper repair. The employee has the right to assume that the master has discharged his duty in this respect, and is not bound to exercise care in ascertaining whether the master has so acted. When, however, the employee has knowledge or receives warning that the master has not furnished suitable machinery, or that it has not been kept in proper repair, so that it has become dangerous, and he continues to use the same after such knowledge or warning, then it is a question to be determined by the jury whether, under the circumstances, the employee failed to exercise ordinary care and prudence, and was thereby guilty of negligence. The Circuit Judge is only allowed to charge that there is negligence on the part of the employee, when but one inference can be drawn from the conduct of

the employee; in all other cases the question of negligence is to be determined by the jury. *Wade* v. *Electric Ry. Co.*, 51 S. C., 296; *Holzman* v. *Douglas*, 18 Sup. Ct., 65. In this case more than one inference could reasonably be drawn from the testimony, and the presiding Judge charged too favorably to the defendant, in saying that the facts mentioned in the exception, if found to be true, would constitute negligence. Inferences to be drawn from the facts are ordinarily for the consideration of the jury. The instructions mentioned in the exceptions relate to distinct principles, and are not inconsistent. This exception is overruled.

The fourth exception alleges error on the part of the presiding Judge as follows: "IV. In neglecting to charge the jury clearly and specifically, as required by sec. 26, art. 5, of the Constitution, what degree of care the plaintiff was bound to exercise in ascertaining whether there was danger of injury to him at the time of the accident." We have shown, in considering the third exception, that the presiding Judge did charge the jury as to the degree of care which the plaintiff was bound to exercise in ascertaining if there was danger, and that the charge was too favorable to the defendant. If the defendant desired the presiding Judge to charge more specifically, it was its duty to have prepared requests to that effect. This exception is overruled.

The fifth exception alleges error as follows: "V. In charging the jury as follows: 'It was the duty of the defendant to furnish the plaintiff with a safe and sound scantling, and safe and sound appliances for him to work upon in assisting to raise and load the pile-driving hammer mentioned in the complaint; and if the jury find from the evidence that the defendant negligently failed to perform either of these duties, as to the scantling used by defendant, or the appliances used in loading such hammer at the time of the accident to the plaintiff, and the injuries which the plaintiff might have received from such

accident, if they find that he was then injured, whether caused by the unsafe scantling, or unfit appliances used in attempting to load the pile-driving hammer, and the unfit condition of said scantling or appliances were the cause of the plaintiff being injured, then he would be entitled to the verdict;' thereby instructing the jury in effect, that before defendant could be held not guilty of negligence, it must appear that the scantling used was safe and sound, whether it appeared to be safe and sound or not, and whatever the defendant's agent, then in charge of the work, may have thought, and had reason to think, as to its safety and sound-ness. The defendant alleges error, further, under this exception, in that the Circuit Judge, in charging the jury, assumed as a fact that the plaintiff was required to assist in raising the pile-driving hammer, and worked with the appliances then furnished—thus violating the provisions of sec. 26, art. 5, of the Constitution." The charge was correct, as a general proposition, and substantially stated the law upon that subject; and if the defendant desired his Honor to charge more specifically, it was its duty to have prepared requests embodying such propositions. This disposes of the first ground of objection set forth in the exception.

The fourth paragraph of the complaint, *inter alia*, alleges: "IV. That on the 17th day of June, 1897, while the plaintiff was an employee of the defendants, and at work with said trestle gang upon a trestle on said line of railway, near the town of Laurens, in this State, under one E. S. McKinley, who was in charge of said trestle gang for the defendants, and who controlled and directed the services of the plaintiff, the defendants, through their said representative, undertook with said trestle gang (the plaintiff being one of the number) to raise a pile-driving hammer, weighing 1,800 pounds, from the base of said trestle, and to load the same on the cars, standing on the trestle, being at a height of thirty-five feet, without any intervening support therefor." These allegations were not denied by

the answer, and were, therefore, admitted.    Having admitted the fact, the defendant cannot complain if the Circuit Judge assumed it to be a fact.    This disposes of the second ground of objection in the exception, and this exception is overruled.

The sixth exception alleges error as follows: "VI. In charging the jury as follows: 'While it is true that a servant who enters the employment of another assumes the ordinary risks of business, this would not include the risks of working with unsafe appliances, for the master is bound to supply his servants with sound and safe appliances, and to keep the same in sound and safe condition'—thus instructing the jury, in effect, that the master was bound in law to guarantee the soundness and safety of all machinery he furnishes his employees.    And this instruction to the jury, defendant submits, is further erroneous in that it did not take into consideration latent defects in machinery, but was calculated to lead the jury to believe that, so far as any defects in machinery are concerned, whether patent or latent, an employee takes no risk with reference thereto."    The charge stated, in general terms, a correct proposition of law, and if the defendant desired that the presiding Judge should have charged more specifically, it had the right to present requests to that effect.    Furthermore, when this part of the charge is considered in connection with the other parts of the charge, it will be seen that the presiding Judge did not, in effect, instruct the jury that the master was bound in law to guarantee the soundness and safety of the machinery furnished a servant.    This disposes of the first ground of objection stated in the exception, and the second ground therein stated is disposed of by what was said in considering the fifth exception.    This exception is overruled.

The seventh exception complains of error as follows: "VII. In charging the jury, as requested in the ninth request, that the Constitution of 1895 enlarged the rights of the employees of railroad companies to recover for injuries, as

therein stated, and in defining such request to the jury as he did." The ninth request is as follows: "(9) That the Constitution of this State of 1895 has enlarged the rights of an employee of a railroad corporation as to his remedies for any injury suffered by him from the acts or omissions of said corporation or its employees, and he now has the same right to recover from an injury as other persons not employees have, when the injury results from negligence of a superior agent or officer of the corporation, or of a person having a right to control or direct the services of a party injured; and if the jury find from the evidence that the plaintiff was injured while in the service of the defendant, and that at such time he was working under the direction of a servant of the defendant who had the right to control or direct the services of the plaintiff, and that the injury to the plaintiff resulted from the negligence of such servant of the defendant, then the plaintiff would be entitled to recover." His Honor said: "I charge you that. It means that if the negligence of this superintendent and his agents of this railway company caused the injury, that was negligence of the railroad company itself. The principal is liable for the negligence of his agent in the course of his employment." Waiving the objection to the exception on the ground that it is too general for consideration, we see no error in the ruling of the presiding Judge, and this exception is overruled.

The eighth exception alleges error, as follows: "VII. In charging, as requested in the tenth request, and thus making it obligatory on the jury to include the matters therein mentioned in assessing plaintiff's damage." The tenth request is as follows: "(10) If the jury find for the plaintiff, then he would be entitled to recover for all actual damage which he has sustained, and this would include loss of time, nurses, as well as for bodily pain, and anguish of mind, induced by the hurt, and all damages, present and prospective, which are naturally the proximate consequences of the act done, and the injuries received, not only present

loss, or that which has already occurred from the incapacity of the injured party to attend to his ordinary pursuits, and expenses which he has incurred for other necessary outlays; but as only one action can be brought, and only one recovery had, it is proper to include in the estimate of damages compensation for whatever it may be reasonably certain will result from future incapacity in consequence of his injury. So, also, his loss of capacity for work or attention to his ordinary business must be included, whether it be physical or mental, present or prospective." Waiving the objection to this exception on the ground that it is too general, we see no error in the charge. This exception is overruled.

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed.