### GREEN v. CATAWBA POWER CO.

1. Presumption of Negligence—Preponderance of Evidence.—Injury to servant by reason of machinery or appliances, furnished by the master, does not raise against him presumption of negligence, or place on him burden of showing that he used due care and diligence in keeping in repair machinery or appliances.

2. Damages from Future Suffering—Master and Servant.—In actions for damages for personal injury, by reason of defects in machinery or appliances, the verdict may include such damages for mental and physical pain and suffering as it is reasonably certain will, of necessity, result in the future from the injury, but not damages for such suffering as the injured is *liable* to endure in the future.

*Jennings* v. *Edgefield Mfg. Co.*, 73 S. C., *distinguished from this.*

Before Hydrick, J., York, November Term, 1905. Reversed.

Action by Ben Green against Catawba Power Co. From judgment for plaintiff, defendant appeals.

*Messrs. Wilson & Wilson*, for appellant.

*Messrs. Greene & Hines* and *Thomas F. McDow*, contra. The former cite: *Different parts of charge may be construed together:* 72 S. C., 129; 69 S. C., 363; 71 S. C., 102; 41 S. C., 452; 22 S. C., 187; 54 S. C., 93. *Charge should be construed with reference to case made:* 37 S. C., 343; 21 S. C., 400; 72 S. C., 174.

August 16, 1904. The opinion of the Court was delivered by

MR. JUSTICE WOODS.   The plaintiff, a laborer in the defendant's employment, was injured by the falling of a battle-post which he was assisting to raise and place in position as a part of the bench of a bridge by means of a jim-pole.   The allegation of negligence under which plaintiff obtained judgment was that the jim-pole to which was attached the blocks and tackle used to raise the battle-post, was not braced or made secure by guys at the bottom, and consequently under the strain applied more on one side than the other it slipped at the bottom, causing the battle-post and jim-pole both to fall.

The first exception charges error in this instruction to the jury: "The servant is not required by law to see whether the machinery, tools and appliances furnished are suitable and safe, for he has a right to rely on the presumption that the master will do his duty; and when it is made to appear that a servant was injured by reason of the machinery and appliances furnished by the master, it is *prima facie* evidence of negligence on the part of the master, and the burden is then thrown upon the master to show that he used due care and diligence in keeping in repair the machinery or appliances in question."

The principle is well established that proof of injury to the servant from the failure of the machinery or appliances furnished by the master does not raise the presumption of negligence by the master.   *Green* v. *Ry. Co.,* 62 S. C., 398. For a greater reason, it was error to charge that the mere fact of injury "by reason of the machinery and appliances" furnished by the master raises against him the presumption of negligence.   Doubtless, the Circuit Judge intended to say the presumption of negligence would arise when the servant was injured by reason of *defects* in the machinery and appliances, but there is nothing in the charge from which the jury could see that the omission of the word *defects* or some similar expression was an inadvertence.

The plaintiff's contention that the error was harmless because the proof of negligence was overwhelming, with

practically no evidence to the contrary, cannot be sustained, for there was evidence that it was not usual to brace the jim-pole at the bottom as the plaintiff contended it should have been braced, for the reason that the weight on the pole would usually sink it deep enough in the ground to hold it fast without braces; and this was sufficient to raise an issue for the jury as to whether the apparatus and appliances furnished by the master were reasonably safe.

The second exception charges error in this instruction to the jury: "If you find for the plaintiff, then you can take into consideration these elements of damages * * * his physical and mental pain and suffering, and that which he is *liable* to endure in the future by reason of his injury."

The word *liable* in such a connection signifies something that might happen without importing reasonable certainty that it would happen, and, therefore, the charge indicated, the jury might enter into the field of conjecture as to possible future suffering and injury. The instruction in such cases should be that the verdict may include not future damages which the plaintiff is liable to suffer, that is, may suffer, but such damages as it is reasonably certain will of necessity result in the future from the injury. *Ayres* v. *Del. &c. Co.,* 53 N. E., 22 (N. Y.); *Stutz* v. *Chicago &c. Ry. Co.,* 9 Am. St. Rep., 769 (Wis.); *Louisville R. R. Co.* v. *Minogue,* 29 Am. St. Rep., 378 (Ky.), and note; *Ford* v. *DesMoines,* 75 N. W., 630 (Iowa); *McBride* v. *R. R. Co.,* 75 N. W., 231 (Minn.); 8 Am. & En. Ency., 643; 13 Cyc., 138. The case of *Jennings* v. *Edgefield Mfg. Co.* is not relevant. In that case the Circuit Judge did use the word *liable* in the same connection as it was used here, the exception, however, did not charge it was incorrectly used, but related to an entirely different matter, as will be seen by reference to the case.

It is the judgment of this Court, that the judgment of the Circuit Court be reversed, and the cause remanded for a new trial.