7552

SULLIVAN v. CHARLESTON & WESTERN CAR. RY.

1. ATTORNEYS—"CASE."—The attention of the bar is called to Rule 5 of this Court, which prescribes what the "Case" shall contain, and attorneys are admonished that it should contain nothing more nor less than the rule requires. *Obiter dicta.*

2. WITNESSES.—One physician should not be permitted to testify as to the skill and ability of another physician who has testified in the case, who is unknown to the jury and whose reputation has not been attacked.

3. CARRIER—PASSENGER.—Upon proof of injury to a passenger by some agency or instrumentality of the carrier the law raises a presumption that carrier was guilty of negligence, and burden is then shifted to carrier to show that the injury did not result from its negligence.

4. CHARGE—DAMAGES.—It is proper to instruct the jury that the amount of damages should be in proportion to the character and extent of the injury and such as will fairly compensate the injured party, but it is best for the Judge not to instruct that the damages should be heavy or light, as the party was badly or slightly injured, but this instruction held here to be harmless when considered with its connections and modifications.

Before C. C. FEATHERSTONE, Special Judge, Greenwood, April term, 1909.   Affirmed.

Action by C. M. Sullivan against Charleston & Western Carolina Railway Company.   From judgment for plaintiff, defendant appeals.

*Messrs. S. J. Simpson* and *S. H. McGhee,* for appellant. *Mr. Simpson* cites: *Character of witness for professional ability:* 3 Wig. on Ev., sec. 1984; 99 Mo., 179; 84 Pa., 208; Lawson's Ex. & Ap. Ev., 236.   *Burden of Proof:* 5 Ency., 21, 30, 39, 40; 16 Cyc., 926, 932, 933, 934, 935; 4 Wig. on Ev., secs. 2487-90.   *Measure of damages:* 59 S. W., 1021; 1 Suth. on Dam., sec. 12; 4 Id., sec. 1256.

*Messrs. Grier & Park,* contra, cite: *Memoranda in book:* 5 Cyc., 273; 1 Green. Ev., sec. 115; 17 Cyc., 399; 63 S. C., 573.   *Professional reputation:* 3 Cyc. Ev., 15; 26 S. C., 117; 2 Strob., 143; 5 Cyc. Ev., 548; 135 Ala., 433.   *Burden as to negligence:* 82 S. C., 348; 55 S. C., 392; 58 S. C., 494; 77 S. C., 436; 65 S. C., 447; 62 S. C., 139; 52 S. C., 343. *Statement of undisputed facts:* 63 S. C., 243; 67 S. C., 431; 68 S. C., 394; 72 S. C., 420; 49 S. C., 285.   *Measure of damages:* 94 Mo., 272; 71 S. C., 102; 51 S. C., 241; 62 S. C., 336; 75 S. C., 102; 72 S. C., 452; 1 Suth. on Dam., 36; Watson on Dam., 394; 6 Thomp. on Neg., sec. 7152; Hutch. on Car., sec. 1421.

April 22, 1910.   The opinion of the Court was delivered by

MR. JUSTICE HYDRICK.   The record in this case, exclusive of the arguments, contains three hundred and four pages of printed matter.   As will be seen by the points raised in the appeal, all the matter necessary for the proper presentation of the appeal to this Court could have been set forth in from eight to ten pages.   We desire

to call attention of the bar to rule 5 of this Court, which prescribes what the "case" on appeal shall contain, and to admonish them that it should contain nothing more nor less than the rule requires. The labors of the Court are greatly and unnecessarily increased by such voluminous briefs, and time and labor must be consumed in reading them which could be spent more profitably to the bench and bar in the consideration of the merits of the questions presented for decision.

The plaintiff recovered damages of defendant for injuries sustained by him while a passenger on defendant's railroad. While in the act of sitting down on one of the seats in the car, the back of the seat gave way and he fell backwards and sustained an injury to his spine, which paralyzed his lower limbs. The screws which held the back of the seat in position had, in some way been removed, whether by the plaintiff himself, or by some third person, or by some of the defendant's servants, was one of the issues on the trial.

The first question presented for decision is whether the trial Court erred in excluding the testimony of one of defendant's expert witnesses, a physician, as to the character, skill and ability of another of its expert witnesses, also a physician, who resided in a distant city and whose reputation for skill and ability was, therefore, supposed to be unknown to the jury. The character of this physician, as an expert, was not attacked or questioned. Unless the character of a witness is in some way impeached, testimony to sustain it, either as to veracity or in any other respect, is not competent. One of the fundamental rules governing the introduction of evidence is that it must correspond to the allegations and be confined to the points in issue. This rule excludes evidence of collateral matters. If such testimony were allowed, the main issue might be obscured or lost sight of entirely in controversies over collateral matters or side issues; the attention of the

Court and jury would be wearied and distracted; and trials would become interminable. 1 Gr. Ev., sec. 448.

The presiding Judge charged the jury that the burden was on plaintiff to prove that he was injured while a passenger, by some agency or instrumentality of defendant; and, if the plaintiff had proved those facts, the law raised a presumption that the defendant was guilty of negligence and the burden was then shifted to defendant to prove that the injury did not result from its negligence. The defendant contends that this instruction was erroneous, and that the burden of proof was upon the plaintiff throughout the case, and that when a *prima facie* case was made out by proof of injury to plaintiff while a passenger, the only burden then on the defendant was to introduce evidence tending to show that the injury was not caused by its negligence; but that, when all the evidence was in, unless the greater weight of it showed negligence on the part of defendant, the plaintiff could not recover. Upon this proposition the authorities elsewhere are in conflict, but the rule in this State has been settled, and is as stated by the Circuit Judge. *Joyner* v. *Ry.*, 26 S. C., 49, 1 S. E., 52; *Steele* v. *Ry.*, 55 S. C., 389, 33 S. E., 509; *Doolittle* v. *Ry.*, 62 S. C., 130, 40 S. E., 133.

On the measure of damages, the jury were charged as follows: "The damages should be in proportion to the injuries received. If a man is injured slightly, his damages should be slight; if he is badly injured, his damages should be heavy; in other words, the damages should be in proportion to the injuries which he received. If a man is entitled to damages at all, he is entitled to such damages in amount as will compensate him for the injury he has received. Now, you will see that, after all, the object of the law in awarding damages is to compensate a man for the injuries which he has received, to put him, as near as dollars and cents can, in the position which he would be in, if it had not been for the injury—compensatory damages,

actual damages. And when it comes to that you have a perfect right to take into consideration the pain that a man suffers, the doctor bills he pays out, and if you should find that he is permanently injured, you have a right to take into consideration, and to award him such damages as will make him whole, so far as you can."

It is contended that was error to charge that, if one is badly injured, his damages should be heavy, and that the object of the law, in awarding damages, is to put one who has been injured, as near as dollars and cents can, in the position in which he would have been, if the injury had not occurred—such damages as will make him whole.

These expressions, when disconnected from the context, do seem to go rather too far; for instance, the Judge ought not, in any case, to intimate to the jury that the damages should be slight or heavy—not even on the hypothesis that the party was slightly or badly injured, for the amount of damages, in a case like this, must be left solely to the wise discretion and enlightened judgment of the jury, subject, of course, to the supervisory power of the Judge on motion for new trial. But, of course, there is no impropriety in the Judge instructing the jury that the amount of damages should be in proportion to the character and extent of the injury, and such as will fairly and adequately compensate the injured party, and it will be seen that those expressions were used merely to illustrate that idea. It is argued that it would take more than the value of defendant's railroad to put one who had lost his sight by the negligence of the defendant, by awarding him dollars and cents, in the position he would be in, if he had not been injured,—and that it would be impossible to make him whole. In one sense that is true, and, in the same sense, no amount of money would compensate one for the loss of sight; yet, in the sense in which the words used in the law as a measure of damages, in such cases, one may be compensated even for the loss of sight, though his sight could not be restored.

We think, upon the whole, the rule was stated with substantial correctness. When the expressions complained of are read in the connection in which they were used, and modified, as they were, by such expressions as, "the damages should be in proportion to the injuries," and "such damages as will compensate him," we do not think the jury were misled into an erroneous or false standard for the measurement of the damages which plaintiff was entitled to recover.

Judgment affirmed.