## 9964

### LOCKHART POWER CO. v. ASKEW.
#### (96 S. E. 685.)

1. EMINENT DOMAIN—DAMS—PROOF OF DAMAGE.—In condemnation proceedings by a power company which had constructed a dam that had been washed out, and was constructing another dam of the same height, it was competent for a landowner to prove damage by backwater of the former dam to show what his compensation should be; there being no question of damage to crops or temporary damage.

2. EMINENT DOMAIN — COMPENSATION — REMEDIES OF LANDOWNERS.—Where condemnation is provided for taking of land flooded by dam, that remedy is exclusive, and there can be but one assessment of compensation which is conclusively presumed to include all damages to the owner of the land, past, present, and future, by reason of the taking.

3. EMINENT DOMAIN—CONDEMNATION PROCEEDINGS—HARMLESS ERROR—EVIDENCE.—In condemnation of land for a dam, it was not error to show damage done by a former dam of the same height, where the jury were instructed to exclude any element of damage arising out of past tort of trespass.

4. EMINENT DOMAIN—SPECULATIVE DAMAGES—"MAY SUSTAIN."—Where portion of land is condemned for a dam, compensation may be had for depreciation in value of the remainder by reason of the bringing of mosquitoes, malaria, chills, and fever, if such element of damage is reasonably certain to arise, under Civ. Code 1912, sec. 3295, providing that a landowner is entitled to special damage that he "may sustain;" the question being for the jury to determine from the circumstances and facts in each case, but speculative damages founded on mere possibilities, and damages resulting from negligence in the use of the condemned property, cannot be properly awarded.

5. EMINENT DOMAIN—AWARDING COMPENSATION—SUBSEQUENT NEGLIGENCE.—A verdict of compensation for land condemned for dam, under Civ. Code 1912, sec. 3295, is not a bar to actions for subsequent negligence in the use of the property condemned.

6. EMINENT DOMAIN—CONDEMNATION PROCEEDINGS—HARMLESS ERROR—INSTRUCTIONS.—An instruction in proceeding to condemn land for dam, that a verdict would bar landowner from any other action, even if based upon negligence, was not harmless error, because it at least tended to resolve any doubts in the minds of the jurors as to the probability of future damages in favor of the landowner.

7. EMINENT DOMAIN—COMPENSATION—SPECULATIVE DAMAGES.—In proceeding to condemn land for a dam, the unqualified use of the words "might arise" or "might be considered special" in a charge in characterizing damages for which compensation should be made, erroneously permitted speculative damages.

29—110.

Before SEASE, J., Union, Spring term, 1917.   Reversed.

Proceeding by the Lockhart Power Company against J. V. Askew to condemn land.   From a judgment fixing the compensation, petitioner appeals.

The parts of the charge referred to in the opinion are as follows:

I charge you, gentlemen, that according to the course that the case has taken, and according to the evidence that has come out, the ruling of the Court, that is as to the 16-foot dam, the defendant, whatever your verdict is, bars him from any other action, whether it is based upon the negligence of the Lockhart Power Company or not.   That is the law; that is what our decisions of our Supreme Court have held.

You are to consider all of the testimony in the case; you are to consider all the damages, including actual damages and any special damages that might arise as a matter of necessity, from the maintenance, construction, and maintenance of the dam.   You cannot consider any damages that might in the human range of possibility occur, but you consider and award such damages as is actually inflicted upon the owner of the land by the construction of the dam, including any special damages that might arise, not speculative damages, but special damages.   For example, our Courts have held that the mere value of the segregated acres taken and used would not be the measure of damages.   You are to consider the same in connection with the other or remaining tract of land.

Now, the plaintiff has asked me to charge you the following propositions of law: I should first charge you, gentlemen—I have already charged you, however—that you are to assess the actual damages, including any and all special damages that does follow as a matter of necessity naturally from the taking and use of the property.

All of the requests to charge submitted by the plaintiff are sound law except one, and that is sound, except that I purpose to add something to it:

"1. Your verdict shall be an award of compensation to the landowner, the measure of which is the value of the land actually taken together with the depreciation, if any, in the value of the remainder of the tract necessarily and proximately incident to the taking; you shall find for the defendant the difference between the actual fair market value of the tract immediately before the taking and immediately after the taking." I charge you that in connection with what I have already charged you, that you are to take into consideration any damages that might be considered special, but none speculative.

"2. The special damages referred to in the statute means the actual, substantial, tangible, necessary damages, if any, and does not mean fanciful, conjectural, or speculative damages; it means some physical injury to the real estate. It does not include mere discomfort, inconvenience, or bodily injury to the person of the owner, or any one else." The last sentence of this request I purpose to charge as follows:

"It does not include mere discomfort, inconvenience, or bodily injury to the person of the owner or any one else, unless such discomfort, inconvenience, or bodily injury does of necessity render the remaining property less valuable."

"4. This is a condemnation proceeding by the power company, and not a suit for damages by the landowner, the law authorizes the bringing of this proceeding and entry under it, and no damage can be awarded by you in this case for negligence or for trespass." I charge you that.

"5. You shall award for the defendant an amount to compensate him only for such injuries as are capable of ascertainment at the present time." I charge you that, gentlemen, in connection with what I have already charged you.

*Messrs. Carson, Boyd & Tinsley* and *J. A. Sawyer*, for appellant, cite: *As to the function of a condemnation proceeding, and what damages may be awarded thereunder to the owner of the property condemned:* 27 Statutes 785; Civil Code of 1912, vol. I, sections 3293, 3294 and 3295; 39

S. C. 358-9; 60 S. C. 388; 17 S. C. 580-81; 59 S. C. 571-578; 67 S. C. 515; 15 Cyc. 757, 715, 710, 678-88-89, and authorities cited; 104 S. C. 129; 84 S. C. 306; 90 S. C. 267; 17 S. C. 137; 34 S. C. 66; 56 S. C. 37; 67 S. C. 195; 71 S. C. 156; 71 S. C. 244; 83 S. C. 320; 47 S. C. 485; 47 S. C. 464; 93 S. C. 125; 76 S. C. 95; 84 S. C. 306.

*Messrs. Wallace & Barron,* for respondent, cite: *As to what damages may be awarded in a condemnation proceeding:* 47 S. C. 487; 101 S. C. 156; 71 S. C. 241; 17 S. C. 574; 5 Rich. 428; 6 Rich. 47; 17 S. C. 579-580; 71 S. C. 243; 8 Rich. Law 193; Code of 1912, vol. I, sec. 3295; 17 S. C. 574; 101 S. C. 156; Lewis on Eminent Domain, 3d Ed., vol. II, pp. 1309-1310; 17 S. C. 575.

April 30, 1918.

The opinion of the Court was delivered by Mr. JUSTICE HYDRICK.

This is a proceeding in condemnation, under section 3292, *et seq.,* vol. I, Civil Code 1912, which provides for the condemnation of rights of way for railroads, but the legislature authorized the petitioner to condemn property for its purposes under the provisions of those sections. Act February 26, 1912 (27 St. at Large, p. 785). The proceeding was brought to ascertain the amount of compensation to be paid by petitioner to respondent for the taking of about 24 acres of bottom lands by overflowing the same by the construction of a dam on Broad River. Respondent's entire tract contains 335 acres. Nearly all the bottoms on it are included in the part taken. The clerk's jury fixed the compensation at $3,000. On appeal by petitioner, the jury in the Court of Common Pleas fixed it at $5,000. From judgment on the verdict, petitioner appealed to this Court.

The dam was completed and closed in June, 1916, but part of it was swept away by a flood in July, 1916, so that

the ponded waters remained upon the respondent's land for about one month. This proceeding was commenced in July, 1916, and was heard before the clerk's jury in December of the same year, and in the Court at the next May term, 1917. At that time the dam was being rebuilt to the same height as before—16 feet.

Appellant assigns error in the admission of evidence of damage done to respondent's land by backwater from the dam before this proceeding was commenced; that is, during the month the dam was closed in 1916 on the ground that such damage, if any, was the subject of a separate action in tort. In this there was no error for several reasons: First. The evidence did not tend to prove any specific element of damage that would enhance the verdict, such as the destruction of a growing crop; but it tended merely to show to what extent respondent's land was actually damaged by the backwater, when the dam was closed. Certainly it was competent for respondent to prove in that way the extent to which his land would be damaged in the future, when the dam then being rebuilt to the same height should be completed and closed. Second. We do not agree that respondent could have resorted to an action in tort for the damages done to his land. The general rule is that, where condemnation is provided, that remedy is exclusive, and that there can be but one assessment of compensation in such proceedings, which is conclusively presumed to include all damages to the owner of the land—past, present and future—by reason of the taking. Third. The jury were instructed (appellant's fourth request) to exclude from the assessment any element of damage arising out of past tort or trespass, and include only compensation for the land taken, and any special damages that might result therefrom.

The next assignment of error raises an interesting question: Ought respondent to have been allowed to prove as

an element of special damage that the residue of his tract would be depreciated in value by the flowing of a part of it, because the pond would bring mosquitoes, malaria, chills and fever, and make it less healthful as a place to live? Petitioner contends that this element of damage ought to have been excluded for two reasons: First, because it is speculative in the sense that it cannot be determined now whether such results will follow, and in the further sense that it is not susceptible of money valuation; and, second, because it would depend upon the future negligence of the petitioner in the use of the lands taken, which, of course, ought not to be included, on the ground that future negligence will not be presumed, and, if there should in fact be such negligence, respondent would have redress for injury resulting from it by an action in tort.

If this element of damage is reasonably certain to arise from the ponding of water on respondent's land, there is no sound reason why it should not be included now in his compensation. The fact that it is not absolutely certain to arise does not exclude it from consideration. It should not be included, if it is a mere possibility (*Railroad Co. v. Sincath*, 8 Rich. 185, 193), for that would be going into the realm of speculation and conjecture. But, if it can be proved that such an element of damage is reasonably certain to follow, then it ought to be included in the compensation, for otherwise respondent would be remediless if it should occur. For we do not agree with petitioner that such damage could arise only by reason of future negligence in the use of the property taken. What precaution could petitioner take to prevent it? No matter how careful and prudent petitioner should be in building the dam, that will not affect the result, for the dam will pond the water—that is what it is built for—and it is said by experts that ponded water will breed mosquitoes, not in all, but in many, if not in most, instances, in this State, and these in turn will cause malaria, chills and fever. Now, if the taking should cause

these conditions, would it not depreciate the value of the residue of respondent's tract? If so, he ought to be compensated to the extent of the depreciation.

The facts and probabilities in such cases are to be determined by the jury—that tribunal which is frequently called upon to solve questions equally if not more uncertain and difficult of solution; for instance, in personal injury cases, they determine the extent of mental and physical pain and suffering, not only that which has been endured, but also that which will with reasonable certainty result from the injury in future, and to find out how much in dollars will compensate for it. Since all damages—past, present and future—which naturally or necessarily and proximately arise from the taking, whether they were in contemplation of the parties at the time or not, except those resulting from negligence in the use of property taken, are conclusively presumed to have been included in the compensation awarded in condemnation, it is important to the citizen whose property is taken that all such damages be actually included therein, for the proceeding bars any future action for such damages. Possibly, it was for this reason that the statute (section 3295) provides that the jury shall determine the amount of compensation "with respect alone to the quality and value of the land which may be required, and to the special damage which the owner may sustain by reason of the construction," etc. As has already been said, the words "may sustain" do not warrant resort to mere possibilities, or authorize the awarding of speculative damages, but they do warrant going beyond what is absolutely certain, and the awarding of such damages as are reasonably certain to occur, for they would naturally arise from the taking and use of the property.

Whether the ponding of water in a given locality is or is not reasonably certain to cause the adjoining lands to become unhealthful as a place to live depends upon many and varied facts and circumstances. It is a matter of common knowl-

edge that, in some cases, it does, and in others it does not. Therefore each case must be left to the jury to be decided upon its own facts and circumstances. Of course, if such ponding and its consequence would result only from negligence, it should not be included in the assessment of compensation, for it would be a tort, for which the doer would be liable in a subsequent action for the damages caused by it, and it would be presumed not to occur.

The other assignments of error relate to the charge, the relevant portions of which will be reported. Appellant complains of it in two main particulars: First, in charging the jury, "Whatever your verdict is, it bars him (respondent) from any other action, whether it is based upon the negligence of the Lockhart Power Company or not." Clearly, that was error, for we have already seen that actions for subsequent negligence in the use of the property condemned are not barred by the condemnation proceedings, since a reasonably prudent and careful use of it must be presumed.

Respondent contends, however, that the error was harmless, and that it was practically corrected in subsequent portions of the charge, particularly in charging petitioner's fourth request. But it will be seen on examination of that request that it had reference, not to future actions for damages for negligence, but to the past entry by flowing the land before acquiring the right, and excluded damages therefor. The jury might very well have understood the instructions to mean—and no doubt they did—that the proceedings would bar respondent from any action against the company in future for damages arising out of the taking and flowing of the land, even though such damages might be caused by the company's negligence, and in that view of the law it would not have been unnatural for the jury to have made a larger assessment than they would otherwise have done. At any rate, it would have caused

them to resolve any doubt in their minds as to the probability of future damages in favor of the respondent.    This charge was prejudicial.

The second. main objection to the charge is in the use of the words "might arise" or "might be considered special" in characterizing the damages for which compensation should be made.    As used in the first part of the charge, these words were harmless, for they were limited by the subsequent words "as a matter of necessity," making the whole clause read, "and any special damages that might arise as a matter of necessity."    But, in subsequent parts of the charge, the words "might arise" are used without any such qualifying words, and the jury were thereby permitted to include special damages that were mere possibilities, which we have seen are not recoverable. In *Green v. Power Co.*, 75 S. C. 102, 55 S. E. 125, 9 Ann. Cas. 1050, the trial Judge instructed the jury that plaintiff was entitled to recover for such future damages as he was liable to suffer by reason of his injury.    This Court reversed the judgment, because the instruction allowed the recovery of speculative damages, holding that the instruction should have been that the verdict may include such damages as it is reasonably certain will of necessity result in future from the injury.

Judgment reversed.