12704

## BREWER v. NORTHWESTERN R. CO. OF S. C.

(149 S. E., 124)

Messrs. Purdy & Bland, and Lee & Moise, for appellant,

Messrs. Epps & Levy, for respondent,

July 22, 1929.

The opinion of the Court was delivered by MR. JUSTICE BLEASE.

This is an action brought by the respondent, Harry Brewer, against the appellant, Northwestern Railroad Company of South Carolina, for damages for injuries alleged to have been sustained by the respondent while performing services in the discharge of his duties with the appellant.

The case was tried before Hon. T. J. Mauldin and a jury, and resulted in a verdict in favor of the respondent, from which the appellant has appealed to this Court upon seven exceptions. These exceptions impute error to the trial Judge in the admission of certain testimony, in refusing to grant the motion for a nonsuit, refusing to grant a directed verdict, refusing to grant a new trial, and in certain portions of his Honor's charge to the jury.

From the view this Court takes of this case, it will have to be remanded for a new trial, and to the end the same may be had uninfluenced by a discussion of the evidence by this Court, we hold, without giving our reasons, that the presiding Judge committed no error in refusing the motions for a nonsuit and for a directed verdict.

It is our opinion that the exceptions numbered 6 and 7 should be sustained. The charge of the Circuit Judge, made in response to a request of the plaintiff's counsel, which forms the basis of each of these exceptions, was as follows:

"Mr. Epps: Next, I would like your Honor to charge the jury that inasmuch as the plaintiff has but one day in Court, he would be entitled to recover what—not only what he has already suffered, but what he will likely suffer in the future.

"The Court: That is correct. If you find that this plaintiff is entitled to recover, you may incorporate in that verdict not only what he is entitled to at this time, but what by that evidence he may hereafter suffer in the same way, and incorporate it all in your present verdict."

The defendant properly assigns in the two exceptions the following reasons for its contention that the instructions were erroneous:

"The error being that under the said charge the jury was allowed to include speculative damages in their verdict; whereas the true rule is 'That the verdict may include such damages as it is reasonably certain will of necessity result in the future from the injury'; and such charge violated such rule, and was prejudicial to the defendant.

"The error being that in actions for damages, such as the instant case, the verdict cannot include any amount for future damages which the plaintiff is liable to suffer, or may suffer, but only such damages 'As it is reasonably certain will of necessity result in the future from the injury'; and the charge in this case, by the language used to the jury, permitted the jury to enter into the field of conjecture and speculation as to possible future injury and suffering, and was prejudicial to the defendant."

The instructions given were not in accord with the legal principles established in the cases of *Green v. Power Co.,* 75 S. C., 102, 55 S. E., 125, 9 Ann. Cas., 1050, and *Lockhart Power Co. v. Askew,* 110 S. C., 449, 96 S. E., 685.

It is the judgment of this Court that this cause be, and the same is hereby, remanded to the Court of Common Pleas for Sumter County for a new trial.

MESSRS. JUSTICES COTHRAN, STABLER, CARTER and GRAYDON concur.

MR. CHIEF JUSTICE WATTS did not participate.