15957

CAMPBELL v. HALL *ET AL.*

(43 S. E. (2d) 129)

*Mr. William S. Hope,* of Charleston, and *Messrs. Walker, Walker and Jenkins,* of Summerville, for Appellants, cite:

*Mr. J. D. Parler,* of St. George, and *Mr. Jas. Julien Bush,* of Barnwell, for Respondent, cite:

June 7, 1947.

BAKER, CJ.: This is an appeal from a judgment obtained by the respondent against the appellant for alleged personal injuries. The action was, of course, one in tort, and based on the alleged negligence of the servant and agent of the appellants, James L. Hall and Blanche C. Hall, doing business as Hall Bus Line, in the operation of the bus described in the caption hereof, the property of the Halls, and used in their business of common carrier for hire, on the highways of this State. American Fidelity and Casualty Company issued the policy of liability insurance carried on the bus of the Hall Bus Line.

At the conclusion of the testimony in behalf of the respondent, the appellants moved for a nonsuit on the ground that the respondent had not proven actionable negligence.

The Trial Judge granted this motion as to certain specifications of negligence, and overruled as to others, thus leaving in the complaint the allegations of negligence in the following particulars:

"(b) In causing and allowing the said large bus to be operated at said time and place at a greater rate of speed than was reasonable and proper under the circumstances, with regard for the use of the said highway by other vehicles, in violation of the statutes of the State of South Carolina in such case made and provided.

"(c) In failing and omitting to keep a proper lookout for other vehicles using said highway at the time and place herein mentioned, so as to have avoided the collision with the bus in which plaintiff was riding.

"(d) In failing and omitting to have the large defendant bus under proper control in approaching from the rear the bus in which plaintiff was traveling at the time and place herein mentioned.

"(e) In permitting and allowing the said defendant bus to be driven and operated into, upon and against the rear of the bus in which plaintiff was riding at said time and place, although by the exercise of the slightest care on the part of the operator of the defendant bus, the bus in which plaintiff was traveling could have been seen and avoided.

"(f) In failing and omitting to stop the said defendant bus or to turn the same aside in order to avoid a collision with the bus in which plaintiff was riding.

"(g) In driving and operating the said defendant bus over and upon the main highway and thoroughfare of the State of South Carolina at said time and place at a high, dangerous and reckless rate of speed, with utter disregard for the general traveling public, and particularly the rights of this plaintiff.

"(h) In causing and allowing said defendant bus to be operated over and upon said highway at said time and place with defective and insufficient brakes."

At the conclusion of the testimony for the appellants, a motion was made for a direction of verdict, in their behalf, upon the same ground as that on which the motion for a non-suit was based; and upon the further ground that the respondent had not proven her case by the greater weight or preponderance of the testimony, which motion was refused.

Following the charge of the trial Judge to the jury (from which no appeal has been taken), a verdict was rendered in favor of the respondent for the full amount for which suit was brought, to wit, $5,000.00. Thereupon, the appellants moved for a judgment *non obstante veredicto,* and failing in this, for a new trial, on the grounds: (1) That there was no evidence or proof that the. injuries complained of were due to, or caused by the negligence of the appellants, or any of them. (2) That the verdict of the jury was excessive, and that any damages found by the jury were necessarily based upon conjecture and speculation. (3) That the verdict of the jury was influenced by improper remarks of respondent's counsel in his argument to them, and (4) That the verdict aforesaid was against the preponderance or greater weight of the testimony.

The appellants' "Statement of Questions Involved" are as follows:

"Is there any evidence or proof that the alleged injuries complained of were due to or caused by the negligence of the Defendants or any of them?

"Is the testimony susceptible to any other inference but that the earning capacity of the Respondent has not been impaired by reason of her alleged injuries?

"Is the verdict contrary to the evidence, grossly excessive, capricious and unreasonable and are the damages based on conjecture and speculation?

"Were the remarks of Respondent's counsel to the Jury prejudicial?"

The "Questions Involved," with the exception of the last one, require that we discuss the testimony.

Respondent was a resident of Givhans, in the County of Dorchester, and was on March 29, 1946, and had been since June, 1945, employed at the Navy Yard, near Charleston, in secretarial work. As a means of going to and from her work, she daily rode on a public service bus owned by a Mr. Hiott, and driven by his employees. While the record is not clear, and it makes no material difference, we gather that the Hiott bus confined its territory of service from its starting point, Canadys, via Givhans, Ridgeville and other small towns betwixt Canadys and the Navy Yard or Charleston, and return, using State Highway No. 2, which is one of the main highways from Columbia to Charleston, and entering upon said highway a short distance from Ridgeville.

On the morning of March 29, 1946, at about 7:15 o'clock, the respondent was a passenger on the Hiott bus, travelling from her home in Givhans to the Navy Yard, and at a point about one-half mile northwest of Jedburg, and while the Hiott bus was proceeding along said state highway at its usual speed of approximately 35 miles per hour, a bus owned by the Hall Bus Line, and operated by one of their employees, in the usual course of business, and travelling in the same direction as was the Hiott bus, collided with the rear end of the last mentioned bus.

The respondent testified that when the bus of the appellants collided with the one on which she was riding, occupying the front seat to the right, she was thrown first against the bar in front of the seat on which she was sitting, and then back against the seat, the main and alleged permanent injury which she suffered being to her back, although she also complains that since then her head and neck continuously pain her. There is some testimony in the record corroborative of that of the respondent, special reference being here had to the injury to her back. Dr. H. D. Herring, a reputable physician, who had made a thorough examination of the respondent a few days prior to the trial of this case in the Circuit Court, testified that while x-ray pictures were not made, an x-ray would show only injuries to the bone, if

any, and would not show any injury to the ligaments or the muscles, or soft tissue, all of which is an accepted fact. He also testified that such an injury as the respondent complained of, could have, in his opinion, been caused by receiving a quick and sudden jerk to the back, such as a truck or bus colliding with the bus in which she was riding; and that from his examination of the respondent, he did not find any other causation of her trouble; that back injuries are considered to produce pain for a long period of time, and that where there are severe injuries to the ligaments of the back, they will be more or less of a permanent nature; that he knew of no permanent cure therefor—only temporary relief, and that back pains will probably recur; that it was his opinion formed during his examination of the respondent, by noting the expressions on her face, that she was suffering pain. In other words, she was not simulating or feigning pain, and that there was marked tenderness from the lumbar region to the sacral joint; that she will be subject to pains in the back, and that while he would not say that her condition could not be corrected, he did not know of any curative treatment.

Adverting to the alleged negligence in the operation of the appellants' bus on the highway, the respondent testified that the Hiott bus on which she was riding, was at the time it was overtaken and run into from the rear, travelling to the right of the center of the highway in the direction in which it was being driven, and that it was a severe jolt; that there was considerable damage to the rear end of the Hiott bus. Her testimony as to the foregoing is corroborated by two other passengers on the Hiott bus, one of whom also testified that the "Grill, whole front" of the bus of appellants struck the Hiott bus.

There is no denial on the part of the appellants that the front of their bus collided with the rear of the Hiott bus, and that both buses were being driven in the same direction on the highway hereinbefore mentioned.

The conflict in the testimony arises from the testimony on behalf of the appellants as to which side of the highway the buses were travelling at the time of the collision, the circumstances existing at the time the respective buses were travelling to the left of the center of the highway, and the severity of the jolt occasioned by the collision; also that the respondent was not in fact injured, and could not have suffered an injury by reason of this collision, and that she lost no time from her work on account thereof.

It is unnecessary that we set out in detail the testimony on behalf of the appellants, even though error is alleged in the refusal of the trial Judge to grant appellants' motion for a nonsuit, their motion for a direction of verdict in their behalf, and their motion for a judgment *non obstante veredicto*, for two reasons: (1) It is the settled law in this State that the Court must view the evidence in the most favorable light to the party against whom such motions are made; and (2) The testimony in behalf of the appellants would have made it necessary to submit the issue of negligence to the jury under subsection (c) of the respondent's specifications of negligence.

If the testimony tended to prove any one of the specifications of negligence, then it became an issue for the jury. It is only when no other reasonable inference can be drawn from the testimony that a motion for a nonsuit, a motion for a direction of verdict, and a motion for judgment *non obstante veredicto* is properly grantable.

To the time of the trial of this case on Circuit, the respondent had not suffered any pecuniary loss by reason of impairment of her earning capacity, but such impairment is only one of the elements of damage to be considered. Pain and suffering is recognized by the Courts of this State as a very material element of damages on which a recovery may be bottomed. *Bussey v. Charleston & W. C. Ry. Co.*, 52 S. C. 438, 30 S. E. 477; *Bowers v. Charleston & W. C. Railway Co.*, S. C., 42 S. E. 2d 705. And in arriving at a verdict, the jury may include such damage for physical

pain and suffering as it is reasonably certain will of necessity, result in the future from the injury. *Green v. Catawba Power Co.,* 75 S. C. 102, 55 S. E. 125, 9 Ann. Cas. 1050.

■ From a careful study of the record, we cannot say that the verdict of the jury was contrary to the evidence, nor that the damages awarded were based on conjecture and speculation. The testimony in the case refutes both of these positions.

■ While the amount of the verdict in this case may appear to be excessive, capricious and unreasonable, yet unless the trial Judge clearly abused his discretion in failing to grant the motion for a new trial, based on this ground, his decision thereabut will not be disturbed. *Steele v. Atlantic Coast Line R. Co.,* 103 S. C. 102, 87 S. E. 639; *Payne v. Cohen,* 168 S. C. 459, 167 S. E. 665; *Ford v. A. A. A. Highway Express, Inc.,* 204 S. C. 433, 29 S. E. 2d 760.

■ We cannot say as a matter of law that the trial Judge abused his discretion in not granting a new trial *nisi,* or absolute, especially when we consider the reduced purchasing power of the dollar, recognized in *Bowers v. Charleston & W. C. Ry. Co., supra.*

Alleged prejudicial remarks by respondent's counsel to the jury appear in the record for the first time in setting out appellants' motion for judgment *non obstante veredicto,* and for a new trial. Such alleged prejudicial remarks were not objected to when made, nor was the attention of the trial Judge called thereto.

All exceptions are overruled, and the judgment appealed from is affirmed.

FISHBURNE, STUKES, TAYLOR and OXNER, JJ., concur.