**BROWN v. UNITED STATES.**
**C. A. No. 2244.**

United States District Court
E. D. South Carolina, Columbia Division.
Nov. 18, 1949.

C. T. Graydon, John Grimball, Columbia, S. C., for plaintiff.

Ben Scott Whaley, U. S. Atty., Russell D. Miller, Asst. U. S. Atty., Charleston, S. C., for defendant.

WYCHE, Chief Judge.

This is an action to recover damages for personal injuries under the Federal Tort Claims Act, 28 U.S.C.A. §§ 1346, 2671 et seq. The claim arose out of injuries received by the plaintiff on January 31, 1949, from the explosion of a weather balloon released by the United States Army for the purpose of collecting weather data.

I find the facts specially and state separately my conclusions of law in the above cause as follows:

### Findings of Fact

The plaintiff is an illiterate, young Negro man who lives in vicinity of Blythewood, South Carolina. He is married and has several children. On January 31, 1949, he observed a large balloon in the yard around his home. The balloon was four to four and one-half feet in diameter and had a small square box attached to it; not being able to read, the plaintiff called his wife to see what was written on the box. The box had instructions written on it directing the finder to take it to the nearest Post Office and deliver it to the Postmaster, or to give it to a rural mail carrier for return to the United States Government. There was attached to the box an unopened parachute that had written on it "parachute ML 132, U. S. Army". The balloon had written on it "made in Cambridge, Mass., Number 18648". It was the same type of balloon used by the United States Air Corps to take weather observations.

The plaintiff and his wife removed the small box which contained radio apparatus for transmitting radio signals giving the condition of the weather, and gave it to an insurance agent to take to the Postmaster at Ridgeway, South Carolina. The said Postmaster in turn sent the box containing the radio instruments to the United States Army Air Force, Weather Bureau Station at Joliet, Illinois, and in return received an acknowledgment of its receipt from that Station.

After the parachute and the box had been detached from the balloon, the plaintiff thinking that the balloon might be of some value to the United States Government, and that it too might be wanted by the Government, tied it to a tree in his yard. That night, after it had become dark, and the wind had begun to blow, he feared that the balloon might blow away, so he took an oil lamp to light his way, and went to tie the balloon more securely. He set the lamp down about three or four feet away from the balloon, and suddenly the balloon exploded in his face. The explosion was cause by hydrogen gas, with which the balloon was filled, being ignited by the oil lamp that the plaintiff had with him. The explosion gave the plaintiff a severe flash burn on his face, eyebrows, eyelids, lips, chin, neck and right hand; the skin was burned off of his face and he suffered from shock; his lips were swollen, his gums were reddened and he had difficulty swallowing for several days. He

was treated by a doctor for first and second degree burns. For several days the plaintiff suffered severe, acute pains from these burns and it was necessary to give him codeine to relieve the pain. Although there are no permanent scars left on the plaintiff's face, the pigment in his skin is permanently damaged, causing it to burn and sting and become discolored when he is overheated or perspires.

The plaintiff is a young able-bodied man who was accustomed to work five days a week in a saw-mill at Six Dollars ($6.00) per day. He had also done cement work on a construction job for which he received One and 25/100 Dollars ($1.25) per hour, and worked ten hours per day.

As a result of the burns received by the plaintiff from the explosion he was confined to his bed and was unable to work for seven weeks. He incurred a doctor's bill of $15.00 as a result of the accident.

█ The balloon that exploded and burned the plaintiff was released by the United States Army to procure data about the weather. The balloon was filled with hydrogen gas which, in addition to being the lightest of all gasses, is very dangerous because it is highly conbustible and explosive. The balloon was defective; it was not tied up so as to prevent the hydrogen gas from escaping, and the defendant is liable for the actionable negligence of its agents. Had the balloon functioned properly, it would have ascended until the rarity of the atmosphere caused it to expand until it burst, and then the radio box would have descended on the parachute attached thereto. The balloon containing the hydrogen would have destroyed itself. The negligence of the defendant was the direct and proximate cause of plaintiff's injuries.

The evidence does not warrant the inference that the plaintiff was guilty of any negligence which contributed as a proximate cause to the explosion that caused his burns. The plaintiff, an uneducated man, was injured while trying to aid and assist the defendant. His acts that led up to the explosion were brought about by express instructions placed upon the balloon by the defendant's agents.

## Conclusions of Law

This Court has jurisdiction of the parties and of the subject matter of this action.

The explosion of the balloon was not caused nor contributed to by the negligence of the plaintiff.

The defendant's agents released the defendant's balloon while acting within the scope of their authority and were guilty of actionable negligence which was the direct and proximate cause of the injuries and damages to the plaintiff.

The negligence of the defendant's agents was such that the defendant, if it had been a private person, would be liable to the plaintiff under the law of South Carolina where the accident occurred.

█ The law of South Carolina, under which this case has been tried, makes one who negligently injuries another liable for compensatory damages "in proportion to the character and extent of the injury, and such as will fairly and adequately compensate the injured party". Sullivan v. Charleston & W. C. Railway Co., 85 S.C. 532, 67 S.E. 905, 906. In determining the amount of compensation for personal injuries, it is proper to take into consideration the physical and mental pain and suffering endured, the expense incurred for necessary medical treatment, the loss of time and income which result, and the character of the injury and the amount that would make the injured party whole as respects the permanent injuries. Sullivan v. Charleston & W. C. Railway Co., supra; Bussey v. Charleston & W. C. Railway Co., 52 S.C. 438, 30 S.E. 477; Campbell v. Hall, 210 S.C. 423, 43 S.E.2d 129, 132. And, in addition thereto, it is proper to take into consideration such "pain and suffering as it is reasonably certain will of necessity, result in the future from the injury." Campbell v. Hall, supra; Pinkussohn v. Great Atlantic & Pacific Tea Co., 184 S.C. 171, 192 S.E. 283; Green v. Catawba Power Co., 75 S.C. 102, 55 S.E. 125, 9 Ann.Cas. 1050; Ford v. A. A. A. Highway Express, Inc., et al., 204 S.C. 433, 29 S.E.2d 760.

Based upon the foregoing Findings of Fact and Conclusions of Law, I am of the opinion that the plaintiff should have judgment against the defendant for the sum of One Thousand, Nine and 45/100 ($1,009.45) Dollars.

Counsel may submit proposed order for the entry of appropriate judgment accordingly.