**J. Abe HILTON, Appellant,**

v.

**DUKE POWER COMPANY, a corporation organized and existing under the laws of one of the states of the Union, Appellee.**

No. 7546.

United States Court of Appeals
Fourth Circuit.

May 16, 1958.

Richard E. Richards, Lancaster, S. C. (Richards, Caskey & Richards, Lan-caster, S. C. and H. Simmons Tate, Jr., Columbia, S. C., on the brief), for appellant.

Carl Horn, Jr., Charlotte, N. C., and Douglas McKay, Columbia, S. C. (W. S. O'B. Robinson, Jr., Charlotte, N. C., on the brief), for appellee.

Before SOPER and SOBELOFF, Circuit Judges, and STANLEY, District Judge.

PER CURIAM.

After re-examining the South Carolina cases in light of the motion for rehearing, we adhere to the views expressed in our opinion. The cases do not support the appellee's contention that the single cause of action which accrues when the slightest injury is occasioned includes any and all possible future injury, whether reasonably foreseeable or not.

It is true, as pointed out by the appellee, that Webb v. Greenwood County, 1956, 229 S.C. 267, 92 S.E.2d 688 was tried before a judge and jury and the trial judge, who withdrew the case from the jury, was upheld. On the facts of that case, involving continuous rather than progressive injury, the Supreme Court of South Carolina apparently held that reasonable minds could not differ from the trial judge's conclusion that limitations had run, and that, more than six years before suit, the permanency and extent of the plaintiff's injuries were, or should have been, known to him. The Court did not hold that, in every instance, the question of reasonable foreseeability is for the court. Each case raises its own peculiar problems, and we do not feel justified, in the complex setting presented here, to depart from the general rule which requires factual contests to be submitted to the jury. Lockhart Power Co. v. Askew, 1918, 110 S.C. 449, 96 S.E. 685, 687. Cf., moreover Byrd v. Blue Ridge Rural Electric Cooperative, Inc., 1958, 78 S.Ct. 893.

Rehearing denied.